FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUL 01 2025

KEVIN P. WEIMER, Clerk
By· Ɛᴇʀ ᴺ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Information |
| *v.* | |
| VERSHUN WEAVER | No. 1:25-CR-0285 |

THE UNITED STATES ATTORNEY CHARGES THAT:

### Background

At all times relevant to this Information:

### *The Small Business Administration*

1. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government backed guarantees.

### *The Paycheck Protection Program*

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 that was designed to provide

emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

4. One source of relief that the CARES Act provided for was the authorization of up to $349 billion in forgivable loans to small businesses for payroll, mortgage interest, rent/lease, and utilities, through a program referred to as the Paycheck Protection Program ("PPP"). In April 2020, Congress authorized up to $310 billion in additional PPP funding.

5. To obtain a PPP loan, a qualifying business must submit a PPP loan application, which must be signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its (a) average monthly payroll expenses and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan had to provide documentation showing their payroll expenses. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.

6. The proceeds of a PPP loan were to be used for certain specified items such as payroll costs, rent/mortgage interest, utilities, supplier costs and operations expenditures.

2

7. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on permissible expense items within a designated period after receiving the proceeds and used a certain amount of the PPP loan proceeds on payroll expenses.

8. The SBA oversaw the PPP. However, individual PPP loans were issued by private, approved lenders who received and processed PPP applications and supporting documentation, and then made loans using the lenders' own funds, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

### Financial Institution 1

9. Financial Institution 1 is a nonbank financial institution headquartered in Bedford, Texas. Financial Institution 1 participated in the SBA's PPP as a lender, and as such, was authorized to lend funds to eligible borrowers under the terms of the PPP loan.

### Execution of the Scheme

10. On or about April 2, 2021, the Defendant, VERSHUN WEAVER electronically signed and submitted a PPP Borrower Application Form as the sole proprietor of a business named "Vershun Weaver" via the internet to Financial Institution 1. The application requested a loan in the amount of $20,832 with the funds to be deposited into Defendant WEAVER'S personal checking account. The application included statements by Defendant WEAVER that:

3

    a.  The purpose of the loan was payroll/wages, rent/mortgage interest, utilities, and covered operations expenditures;

    b.  the Applicant business was in operation on February 15, 2020; and

    c.  current economic uncertainty made this loan request necessary to support the ongoing operations of the Applicant.

11. Defendant WEAVER'S PPP application claimed that his business generated $103,000 of gross income in 2019. In support of his application, Defendant WEAVER submitted a 2019 Schedule C Form, purporting to show that the business generated $103,000 in gross income in 2019. That form stated that, in 2019, the company had gross income of $103,000 and net profit of $92,800. As Defendant WEAVER then knew, these representations were materially false and fraudulent. Specifically, Defendant WEAVER had not filed that Schedule C Form with the IRS and did not report any income from the Applicant business to the IRS for 2019.

12. Based on the representations and submissions made in Defendant WEAVER's application, Financial Institution 1 distributed $20,832 in PPP loan funds to Defendant WEAVER on or about April 21, 2021.

13. After the funds were deposited in Defendant WEAVER's bank account, he used the funds for impermissible purposes, including purchases at clothing stores, shoe stores, and cash withdrawals in the Northern District of Georgia and elsewhere.

4

14. On or about November 12, 2021, Defendant WEAVER submitted and caused to be submitted an application for loan forgiveness for the PPP loan he obtained. In that loan forgiveness application, Defendant WEAVER falsely and fraudulently represented that he had complied with the rules of the PPP and sought forgiveness for the entire loan amount of $20,832.

### Count One
### (False Statement to SBA)

15. The U.S. Attorney re-alleges and incorporates by reference the factual allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16. On or about November 12, 2021, the Defendant, VERSHUN WEAVER, made and caused to be made a statement he knew to be false for the purpose of influencing the action of the Small Business Administration. Specifically, the defendant, VERSHUN WEAVER, submitted a Paycheck Protection Program Loan Forgiveness Application that contained information he knew to be false, including false statements that he had complied with Paycheck Protection Program rules and used the Paycheck Protection Program Loan proceeds for authorized expenses.

All in violation of Title 15, United States Code, Section 645(a), and Title 18, United States Code, Section 2.

### Count Two
### (Theft of Mail by Postal Service Employee)

17. Beginning on a date unknown but at least by on or about July 14, 2023, in the Northern District of Georgia, the Defendant, VERSHUN WEAVER, who was then a United States Postal Service employee, and who had been entrusted with

5

mail matter, did knowingly embezzle, steal, take, and abstract mail matter from a letter box, mail receptacle, and other authorized depository for mail matter, which was intended to be conveyed by mail, that is:

- a United States Treasury check in the sum of $2,675.56 addressed to K.G.
- a United States Treasury check in the sum of $1,537.77 addressed to E.M.

All in violation of Title 18, United States Code, Section 1709.

## Count Three
### (Theft of Mail by Postal Service Employee)

18. Beginning on a date unknown but at least by on or about July 17, 2023, in the Northern District of Georgia, the Defendant, VERSHUN WEAVER, who was then a United States Postal Service employee and who had been entrusted with mail matter, did knowingly embezzle, steal, take, and abstract mail matter from a letter box, mail receptacle, and other authorized depository for mail matter, which was intended to be conveyed by mail, , that is:

- one white envelope from a financial institution addressed to J.B.
- one white envelope from a financial institution addressed to S.S.

All in violation of Title 18, United States Code, Section 1709.

THEODORE S. HERTZBERG
*United States Attorney*

DWAYNE A. BROWN JR.
*Assistant United States Attorney*
Georgia Bar No. 509554